IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| MELLICA ANN RAY, ) | |
| ) | No. 5:12-cv-03307-DCN |
| Claimant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Kaymani D. West's report and recommendation ("R&R") that the court affirm the Acting Commissioner of Social Security's decision to deny claimant Mellica Ann Ray's ("Ray") application for disability insurance benefits ("DIB"). Ray has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Ray filed applications for DIB and for supplemental security income ("SSI") on November 8, 2005, alleging that she had been disabled since August 26, 2005. Ray's SSI claim was denied on November 9, 2005 because she did not meet the eligibility requirements. That decision has not been appealed. The Social Security Administration ("the Agency") denied Ray's application for DIB both initially and on reconsideration. Ray requested a hearing before an administrative law judge ("ALJ") and ALJ Karen H.

1

Baker presided over a hearing held on October 1, 2008. In a decision issued on January 30, 2009, the ALJ determined that Ray was not disabled. In light of newly submitted evidence, the Appeals Council remanded the case to the ALJ. Since ALJ Baker had retired, the case was reassigned to ALJ Ivar E. Avots, who held another hearing on January 14, 2011. In an opinion issued on April 11, 2011, the ALJ again denied Ray's claims for benefits. The Appeals Council subsequently denied review, making the ALJ's decision the final decision of the Commissioner.

Ray filed this action for judicial review on November 19, 2012. On May 15, 2013, she filed a brief requesting that the Commissioner's decision be reversed and the case remanded to the Agency for further administrative proceedings. On June 26, 2013, the Commissioner filed a brief contending that her decision should be upheld. On January 22, 2014, the magistrate judge issued the instant R&R, recommending that the Commissioner's decision be affirmed. Ray objected to portions of the R&R on February 14, 2014, and the Commissioner filed a brief response to those objections on February 27, 2014. This matter has been fully briefed and is now ripe for the court's review.

**B.  Ray's Medical History**

Because the parties are familiar with Ray's medical history, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Ray was born on February 19, 1955, and was forty-nine years old on her alleged disability onset date. Tr. 119. She has a high school education and past relevant work experience as a communications data entry person and telephone solicitor. Tr. 48, 119.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both her remaining physical and mental capacities (defined by her residual functional capacity) and her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The claimant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Ray was disabled from August 26, 2005 through the date her date last insured of December 31, 2010, the ALJ employed the statutorily-required five-step sequential evaluation process. At step one, the ALJ found that Ray did not

engage in substantial gainful activity during the period at issue. Tr. 19. At step two, the ALJ found that Ray suffered from the following severe impairments: degenerative disc disease; multilevel spondylosis and moderate hypertrophic facet arthropathy at L4-5 and L5-S1; erosive gastritis; morbid obesity; sleep apnea; and chronic obstructive pulmonary disease ("COPD"). Tr. 20. At step three, the ALJ found that Ray's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 24. Before reaching the fourth step, the ALJ determined that Ray retained the residual functional capacity ("RFC") to perform a wide range of light work. Tr. 34. Specifically, the ALJ found:

> She is able to lift no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds. She can walk or stand up to six hours out of a normal eight-hour workday, and can sit for up to six hours. She can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. She can frequently balance. She is able to perform some pushing and pulling of arm or leg controls, and can use her arms and hands to grasp, to hold, and to turn objects. Because of her COPD, she must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and cigarette smoke. Because of her obesity and chronic pain, she has decreased agility and must avoid even moderate exposure to hazards, including machinery and heights. She has no visual or auditory impairments, and her mental impairments have caused no functional limitations.

Id. At step four, the ALJ found that Ray was able to perform past relevant work as a communications data entry person and as a telephone solicitor. Tr. 48. As a result, the ALJ found that Ray was not disabled.[1] Tr. 49.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. §

---

[1] Because the ALJ determined at step four that Ray was not disabled, he did not proceed to step five of the sequential evaluation.

636(b)(1).  This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id.  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.

### III.   DISCUSSION

Ray's objections to the R&R echo two of the allegations of error she assigned to the ALJ in her opening brief.  Specifically, Ray objects that:  (i) the ALJ erred at step three by failing to consider Ray's mental impairments in combination with her other impairments; and (ii) the ALJ erred by improperly determining Ray's ability to perform past relevant work.  The court considers these objections in turn.

#### A.  Combination of Impairments

Ray first contends that the ALJ failed at step three by improperly considering Rays mental impairments in combination with her other impairments.

Federal law states that:

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(B) (2012); see also 20 C.F.R. § 404.1523 (2013) ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). As the Fourth Circuit has explained, "a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). "As a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Id. at 50.

Agency regulations provide a two-step "special technique" that must be employed when a claimant alleges that she has a mental impairment. 20 C.F.R. § 404.1520a. First, the ALJ must evaluate a claimant's pertinent symptoms, signs, and laboratory findings to determine whether she has a medically determinable mental impairment. 20 C.F.R. § 404.1520a(b)(1). Second, the ALJ "must then rate the degree of functional limitation resulting from the impairment(s) . . . and record [his or her] findings . . . ." 20 C.F.R. § 404.1520a(b)(2). Specifically, the ALJ must consider whether the claimant has any functional limitations in four broad areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c).

The ALJ in this case properly employed the required special technique when assessing Ray's mental impairments. First, he discussed at length the evidence of Ray's mental impairments. Tr. 21-24. Next, he determined – through a detailed discussion –

that Ray had no functional limitations in the four broad areas enumerated by the statute. <u>Id.</u> Ray disagrees with the ALJ's analysis and points to other evidence that supports her position that her mental impairments are severe. However, it is not the function of this court to reweigh the evidence. Moreover, as the magistrate judge pointed out, the ALJ need not provide a written evaluation of every piece of evidence in the record. <u>Jackson v. Astrue,</u> No. 08-cv-02855, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010). The ALJ's decision that Ray's mental impairments have not caused any functional limitations is undoubtedly supported by substantial evidence. Ray's first objection fails.

### B. Past Relevant Work

Ray next contends that the ALJ improperly determined that she was capable of doing her past relevant work as a communications data entry person and as a telephone solicitor. Ray appears to argue that the ALJ's determination was faulty and that the "Magistrate Judge fails to recognize that Ray's mental impairments were partially the result of her physical impairments." Ray's Objections 6.

Agency regulations explain that:

> Determination of the claimant's ability to do [past relevant work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the <u>Dictionary of Occupational Titles</u>, etc., on the requirements of the work as generally performed in the economy.

SSR 82-62, 1975-1982 Soc. Sec. Rep. Serv. 809 (Jan. 1, 1982).

Regardless of the source of Ray's mental impairments, the ALJ determined – by analyzing Ray's testimony and the record evidence – that those impairments were non-severe and that they caused no functional limitations. The court has explained above, and

7

the magistrate judge discussed at length, that these determinations were supported by substantial evidence. As a result, the court cannot find that the ALJ improperly calculated Ray's ability to perform her past relevant work. Ray's second objection fails.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's report & recommendation, ECF No. 22, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 17, 2014**
**Charleston, South Carolina**